UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| LARRY D. NICHOLS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:04-CR-68-TRM-CHS-1 |
| | ) | | 1:16-CV-366-TRM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 50.) Petitioner, through counsel, bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.*) Respondent agrees that Petitioner is entitled a reduction in sentence (Doc. 51), and both parties urge the imposition of a revised term of incarceration and supervised release (Docs. 50, 51). For the reasons stated below, the petition to vacate sentence (Doc. 50) will be **GRANTED** and Petitioner's sentence for the instant offense will be **CORRECTED** to a term of time served followed by three years' supervised release.

**I.     BACKGROUND**

In 2004, a jury convicted Petitioner of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 21.) Based on sixteen prior Florida burglary convictions (Presentence Investigation Report ("PSR") at ¶¶ 24, 26–40), and one prior Tennessee aggravated burglary conviction (*Id.* at ¶ 42), Petitioner was deemed to be an armed career criminal subject to an enhanced fifteen-year mandatory minimum under the ACCA (*Id.* at ¶ 28). He received a 288-

month term of imprisonment followed by five years' supervised release. (Doc. 28.) Petitioner appealed, and the Sixth Circuit affirmed the conviction on November 29, 2005. (Doc. 40.)

More than ten years later—on September 2, 2016—the Sixth Circuit granted leave to consider the instant successive petition in which Petitioner alleges that he is no longer an armed career criminal in light of *Johnson*. (Doc. 50.) The United States responded in support of collateral relief (Doc. 51), and both parties agree the sentence should be corrected to time served followed by three years' supervision (Docs. 50, 51).

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or

2

successive petition). The instant petition—which Petitioner requested leave to file prior to June 26, 2016—falls safely within the one-year period for requesting relief. (Doc. 50.)

### 1. STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It

was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.*

Sixteen of the seventeen offenses used to support Petitioner's armed career criminal enhancement were Florida burglary convictions. At the time that he committed the offenses, Florida defined burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. § 810.02 (1987). "Structure" and "conveyance" were defined to include the "curtilage" thereof. Fla. Stat. § 810.11 (1987).

To determine whether a particular offense qualifies as a violent felony under § 924(e), courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a violent felony and the courts' task is complete. It is only when the statute criminalizes conduct in excess of that covered by the use-of-physical-force and enumerated-offense clauses, that courts must determine whether the statute is divisible or indivisible. A divisible statute is one that comprises multiple, alternative versions of the crime. *Id.* at 2281. When faced with a divisible statute, courts resort to the "modified categorical approach," consulting "a limited class of documents, such as indictments and jury instructions, to

4

determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* An indivisible statute is one that contains a single crime, set of elements. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Because the categorical approach is concerned with elements and not the "facts underlying [the] conviction," *Descamps*, 133 S. Ct. at 2285, it is important that courts distinguish between alternative elements—divisible provisions to which the modified categorical approach can be applied—and alternative means for satisfying a single element—indivisible provisions to which it cannot. *Mathis*, 136 S. Ct. at 2253–54. Convictions under an overly broad, indivisible provision are incapable of serving as predicates.

Criminalization of entering and remaining in the "curtilage" of structures and conveyances expands the Florida burglary definition beyond that of generic burglary. S*ee James v. United States*, 550 U.S. 192, 212 (2007) ("We agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary.'"); W*ojcieszak v. United States*, No. 14-14240, 2016 WL 3637274, at *4–6 (S.D. Fla. July 1, 2016) (holding that Florida burglary is broader than generic burglary). As such, it is necessary for this Court to determine whether the Florida burglary statute is divisible or indivisible.

To determine whether a criminal statute contains alternative elements or alternative means of satisfying a single element, courts must consider: (1) the text of the statute; (2) any state court decisions interpreting that statute; and (3) where "state law fails to provide clear answers, . . . the record of a prior conviction," i.e., charging documents and jury instructions, for the "limited purpose" of distinguishing between means and elements. *Id.* at 2256–57. With regard to the third factor, the Supreme Court has provided the following hypothetical:

> Suppose, for example, that one count of an indictment and correlative jury instructions . . . use a single umbrella term like "premises" . . . the record would then reveal what the prosecutor has to (and does not have to) demonstrate to

> prevail. Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime.

*Id.* at 2257. Applying the foregoing analysis to the instant case leads the Court to conclude that, while Florida Statute § 810.02 (1987) contains two sets of elements—burglary of a structure and burglary of a conveyance, Florida Statute § 810.11 defines both offenses by way of an indivisible list of alternative means. *See* Fla. Stat. § 810.11 (defining both "structure" and "conveyance" to include the core and curtilage); *Wojcieszak*, 2016 WL 3637274, at *6 (noting juries are required to distinguish between burglary of a structure and conveyance, but not the core and curtilage). The result is that both crimes are rendered indivisible, incompatible with the modified approach.

Because all sixteen of the indivisible offenses encompass more conduct than generic burglary, *see Taylor*, 495 U.S. at 599 (defining generic burglary as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"), and are capable of commission without the use of violent physical force, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), the Court finds it erred when it relied on the convictions to justify Petitioner's ACCA enhancement.

Without the prior Florida burglary convictions, Petitioner does not have enough predicate offenses to qualify as an armed career criminal.[1] As such, his sentence—288 months'

---

[1] The Court declines to address whether Petitioner's aggravated burglary conviction still qualifies as a violent felony under the ACCA's enumerate offense clause. *See United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) (granting *en banc* review to resolve that issue).

6

Case 1:04-cr-00068-TRM-CHS   Document 52   Filed 10/11/16   Page 6 of 8   PageID #: 346

imprisonment and five years' supervised release (Doc. 28)—exceeds the maximum authorized sentence for a non-ACCA offender under § 922(g)(1) by 168 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years.").

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purpose of the current case, the Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *See United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence."). Despite this, Petitioner is not entitled to immediate release, however, because he incurred an additional federal conviction while incarcerated for the instant offense.[2]

## IV. CONCLUSION

Petitioner has already served twelve years in prison (Doc. 51, at 5), a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*. As a result, his motion (Doc. 50) will be **GRANTED** and the term of imprisonment for the instant offense will be reduced to a "time served" sentence. The judgment dated December 14, 2004 (Doc. 28) will be **AMENDED** to reflect a term of supervised release of three years. The Clerk's Office will be **DIRECTED** to prepare an amended judgment in accordance herewith.

---

[2] Petitioner was convicted in the Western District of Virginia for offenses involving heroin and received a consecutive term of 151 months' imprisonment in 2012. (Doc. 51-1.)

7

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**